[No. 20378.   Department One.   April 15, 1927.]

THE STATE OF WASHINGTON, *Appellant*, v. A. N. PORTER, *Respondent.*[1]

[1] INTOXICATING LIQUORS (26)—REGULATION—DENATURED ALCOHOL —UNLAWFUL SALE. A person cannot be prosecuted for selling denatured alcohol, alleged to be intoxicating and used as a beverage, in view of Rem. Comp. Stat., § 7328, providing that the prohibition act shall not be construed to prohibit the manu- facture and sale of denatured alcohol.

Appeal from a judgment of the superior court for Spokane county, Avery, J., entered September 13, 1926, upon the verdict of a jury rendered in favor of the defendant by direction of the court. Affirmed.

*Charles H. Leavy* and *Louis F. Bunge,* for appellant.
*Corkery & Corkery,* for respondent.

FRENCH, J.—Respondent was arrested in April, 1926, charged with the crime of being a jointist. The case came on for trial in September, 1926, a jury was em- paneled, and the prosecuting attorney made a full and complete opening statement. The gist of the statement made was that the respondent had opened up and main-

¹Reported in 255 Pac. 116.

tained a drug store in which he was selling large quantities of denatured alcohol, and that he had sold it to numerous persons for the purpose of its being used as a beverage; that it was intoxicating, and had in fact intoxicated a large number of men who continuously patronized the place. After this statement had been made, the following took place:

"MR. CORKERY (attorney for respondent) : I assume also, Mr. Bunge, that your evidence would show that the denatured alcohol was in accordance with the government formula?

"MR. BUNGE: Yes. And I want to make one further statement if Your Honor please. Yes, the denatured alcohol will be in accordance with the government formula, that is true, and our case, members of the jury, as far as any intoxicants are concerned, will show only that denatured alcohol was sold there, no other intoxicant, no beer, or whiskey, or wine, or alcohol of any other nature, merely denatured alcohol. I want to make that plain."

A police officer was then sworn as a witness on behalf of the state, and the respondent challenged the sufficiency of the evidence as shown by the opening statement of the prosecuting attorney to establish the crime charged in the information, or establish any crime, and moved that the jury be directed to return a verdict of not guilty. This motion was granted by the court, and the state has appealed.

[1] We think it is very doubtful if the state has a right of appeal in this case, the defendant having been acquitted by a jury under the direction of the court. However, passing that question, we must remember that the prosecution in this case is for a violation of the state prohibition act, and is brought under Rem. Comp. Stat., § 7328. [P. C. § 3179h]. We are confronted at once with Rem. Comp. Stat., § 7332 [P. C. § 3187], which provides:

"The provisions of this act shall not be construed to prohibit the manufacture of vinegar, sweet cider, or unfermented fruit juice for domestic consumption or for sale, nor to prohibit the manufacture and sale of denatured alcohol."

This language is plain and unambiguous. It needs no construction. Under our state prohibition statutes the sale of denatured alcohol is expressly permitted.

The judgment of the trial court is affirmed.

MACKINTOSH, C. J., MAIN, and MITCHELL, JJ., concur.

FULLERTON, J. (dissenting)—I am unable to concur in the foregoing opinion.

The state prohibition act classifies alcohol capable of being used as a beverage as an intoxicating liquor, and forbids its sale, and, in my opinion, every person who either sells such alcohol for use as a beverage, or maintains a place for its unlawful sale for such use, violates the act. It will not do to say that because it is "denatured" according to some formula furnished by the officers of the Federal government, its sale is lawful. "Denature," as defined in Webster's New International Dictionary, means,

"To deprive of natural qualities; to change the nature of; specif., to render unfit for eating or drinking, . . ."

and it is in this sense that I conceive the word to be used in the statute quoted in the majority opinion. It follows that, before the sale of alcohol is lawful, it must be denatured in fact as well as in name. The alcohol sold by the defendant, and for the unlawful sale of which he maintains a place, was not thus denatured. It was capable of being used as a beverage. In fact, the very purpose for which the defendant keeps and sells it is for use as a beverage.

I think, therefore, that the judgment of the trial court should be reversed, rather than affirmed.